UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAYMOND THOMPSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) 4:23-cv-00133 SRW |
| JOSHUA COCKRELL and ROBERT GERHOLDT, | ) ) ) ) |
| Defendants. | ) ) |

# STATEMENT OF UNCONTROVERTED MATERIAL FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COME NOW Defendants Joshua Cockrell and Robert Gerholdt ("Defendants"), by and through the undersigned counsel and pursuant to Fed. R. Civ. Pro. 56, and for their Statement of Uncontroverted Material Facts in Support of Their Motion for Summary Judgment, state as follows:

1. On October 22, 2022, at approximately 11:16pm, Defendants, Manchester Police Officers Joshua Cockrell and Robert Gerholdt were dispatched to the address of 1209 Cottagemill Drive in Manchester, Missouri after an individual named Amara Elmore ("Elmore") requested police respond and standby to keep the peace regarding the retrieval of a motorcycle. (Exhibit 1, Incident Detailed Report, pp. MPD801-803; Exhibit 2, Gerholdt Deposition, pp. 15:19-17:2, 18:24-25, 41:19-24, 82:6-8; Exhibit 3, Cockrell Deposition, pp. 7:9-16, 21:20-24; Exhibit 14, Skaggs Declaration, ¶¶1-4.)

2. Plaintiff Thompson ("Plaintiff") owns the single-family residence at 1209 Cottagemill (the "Property"), which contains a paved driveway extending into the backyard area of the residence, a fenced-in back yard, and a gate separating the front and back yard portions of

the driveway.  (Exhibit 2, pp. 17:1-8, 94:17-95:6; Exhibit 3, pp. 95:22-96:3, 122:24-124:2; Exhibit 4, Ex. HH to Wagner Deposition; Exhibit 5, Ex. 8 to Depositions of Cockrell and Gerholdt; Exhibit 6, Ex. R to Plaintiff's Deposition; Exhibit 7, Ex. A to Gerholdt Deposition; Exhibit 8, Ex. T to Plaintiff's Deposition; Exhibit 12, Plaintiff's Deposition, p. 7:4-15, 134; Exhibit 13, Wagner Deposition, pp. 9:6-10:25.)

3. Upon arrival at the Property, Officer Gerholdt made contact with Elmore and her husband, Steven Mackenzie ("Mackenzie"), who were outside the address. (Exhibit 2, pp. 16:3-18:7; Exhibit 3, pp. 131:4-9; Exhibit 11, p. 2.; Exhibit 14, ¶¶5-7.)

4. Officer Cockrell arrived minutes later while Officer Gerholdt was still near his patrol car talking with Elmore and Mackenzie; given the order of arrival, Officer Gerholdt was the responding officer and Officer Cockrell was the assist officer.  Id.

5. Elmore told Officer Gerholdt: that her father, Nathan Rench ("Rench"), had loaned his 2003 Harley Davidson Trike motorcycle (the "Trike") to Plaintiff; that Plaintiff failed to return the Trike to Rench; that Rench was not there himself because he had been in a recent motorcycle accident and had a stroke requiring him to get around on a motorized scooter; that Rench had asked Elmore and Mackenzie to attempt to recover the Trike. Officer Gerholdt relayed this information to Officer Cockrell, but Officer Cockrell also heard Elmore restate this information. (Exhibit 2, pp. 20:1-11, 23:12-16; Exhibit 3, pp. 16:22-17:13, 121:11-15; Exhibit 11, p. 2; Exhibit 14, , ¶¶5-7.)

6. Prior to this encounter, Officer Gerholdt and Officer Cockrell had never met or spoken with Elmore, Mackenzie, Rench, or Plaintiff. (Exhibit 2, pp. 16:3-20, 20:15-17; 25:23-25; Exhibit 3, pp. 18:20-22, 21:4-19.)

7. Elmore presented Officer Gerholdt with information regarding the title to the Trike, which showed the vehicle identification number ("VIN") and listed Rench as the registered owner

of the Trike, as well as a photograph of the trike. (Exhibit 2, pp. 20:22 –21:3, 22:18-23:2, 25:17-22; Exhibit 3, pp. 19:6-14, 22:5-10; 31:3-7; Exhibit 11, p. 2.; Exhibit 14, ¶¶5-7.)

8. Elmore also told Officer Gerholdt they could see the Trike was in the backyard driveway of the Property. Id.

9. After being presented with this information, Officers Gerholdt and Cockrell attempted to make contact with the resident of the Property by walking up to and knocking on the front door and announcing their presence. (Exhibit 2, pp. 25:6-12, 26:14-17; Exhibit 3, pp. 20:2-21:3; Exhibit 11, p. 2; Exhibit 14, ¶¶5-7.)

10. The lights were on inside the house, and a rear upper window was open, leading the officers to conclude that someone may be home and awake. Exhibit 2, pp. 32:6-23; Exhibit 3, pp. 20:21-21, 23:25-24:5.

11. After knocking on the door multiple times, no one answered, and the officers concluded no one was home. (Id.)

12. As Officer Gerholdt was coming back down from knocking on the front door, Mackenzie told Officer Gerholdt that the Trike could be seen in the backyard, behind the fence. (Exhibit 2, pp. 25:16-22, 26:25-28:8, 115:7-16; Exhibit 3, pp. 21:25-22:24, 24:10-25:10; Exhibit 11, pp. 2-3; Exhibit 14, ¶¶5-7.)

13. Without entering the backyard, both officers could see the Trike through the open gate. Id.

14. The gate was already open when Officers Gerholdt and Cockrell first arrived at the scene. (Exhibit 2, p. 116:2-8; Exhibit 3, pp. 119:25-120:2, 124:3-9).

15. There was a Jeep parked in the driveway of the Property. Officer Gerholdt ran the license plate of a Jeep that was parked in the driveway to see who lived at the residence; the license

3

plate on the Jeep came back registered to Plaintiff. (Exhibit 2, pp. 25:16-22, 26:25-28:8; Exhibit 3, pp. 21:25-22:24, 23:4-5, 24:10-25:10; Exhibit 11, Manchester Police Department Report No. 22-12985 at pp. 2-3; Exhibit 14, ¶¶5-7.)

16. After observing the Trike from the front portion of the driveway, Officer Gerholdt entered the backyard portion of the driveway to verify the VIN on the Trike. (Exhibit 2, pp. 27-30).

17. Before going into the backyard driveway, Officer Gerholdt told Mackenzie and Elmore to wait where they were and not come back. (Exhibit 2, pp. 28:25-29:9)

18. Officer Gerholdt walked straight to the Trike, stood right next to it, verified that it matched the picture shown to him, located the VIN on the right front fork assembly without touching the motorcycle, confirmed that the VIN matched the VIN on the title (registered to Rench) shown to him, and ran the VIN through radio/computer dispatch. (Exhibit 2, pp. 29:25-32:3, 41:11-14, 98:16-21; Exhibit 3, pp. 24:1-5, 29:23-30:9, 33:11-15; 33:24-34:4, 102:17-25; Exhibit 9, Ex. 13 to Gerholdt Deposition; Exhibit 10, Ex. 10 to Cockrell Deposition; Exhibit 11, pp. 2-3; Exhibit 14, ¶¶5-7.)

19. Meanwhile, Officer Cockrell stood nearby and at a vantage point where he could see the windows and make sure Officer Gerholdt was safe and nothing got out of order. Id.

20. Calling in the VIN through radio/computer dispatch initiates a search (through dispatch) of the Missouri Department of Revenue ("DOR") records for the VIN as to current ownership, status as lost or stolen, and any other information on it. (Exhibit 2, pp. 113:11-14, 116:23-117:17; Exhibit 3, pp. 30:2-9, 72:13-14, 126:8-20).

21. Dispatch notified Officer Gerholdt that the search of the VIN from the Trike showed that the Trike was registered to Rench (and not Plaintiff).  (Exhibit 2, pp. 113:11-14, 116:23-117:17; Exhibit 3, pp. 30:2-9, 72:13-14, 126:8-20).

22. Once the VIN came back registered to Rench, Officers Gerholdt saw that Mackenzie had a key in his hand, which he presumed was a key to the Trike. (Exhibit 2, pp. 31:22-32:3; Exhibit 3, pp. 117:20-23; Exhibit 11, p. 3; Exhibit 14, ¶¶5-7.)

23. Officer Gerholdt then related the information obtained and circumstances of the call to his supervisor, Sgt. Evan Waters, who indicated that Mackenzie and Elmore could be allowed to take Trike. (Exhibit 2, pp. 86:4-19; Exhibit 11, p. 3; Exhibit 14, ¶¶5-7.)

24. Mackenzie then started the motorcycle, and Elmore and Mackenzie drove away.  At that time, Officers Gerholdt and Cockrell considered the call complete. (Exhibit 2, pp. 33:24-34:3, 111:5-10; Exhibit 3, p. 112:17-21; Exhibit 11, p. 2; Exhibit 14, ¶¶5-7.)

25. While in the backyard driveway area of the Property, Officers Gerholdt and Cockrell only went straight to the Trike, did not go anywhere else, and did not touch the Trike or anything else. (Exhibit 2, pp. 30:8, 31:21-32:3; Exhibit 3, p. 68:21-23, 102:23-103:12.)

26. The call that Officer Gerholdt was dispatched and responding to initially (from Elmore) at the Property on October 22, 2022, and which Officer Cockrell appeared as an assisting officer, was for "keeping the peace." (Exhibit 1, Exhibit 14, ¶¶1-4.)

27. At the aforementioned time in which Officers Gerholdt and Cockrell were standing in the backyard portion of the driveway of the Property, they were not conducting a criminal investigation of Plaintiff or anyone else.  (Exhibit 2, pp. 41:1-3, 41:11-13, 44:25-45:8; Exhibit 3, pp. 33:11-15, 37:16-38:3; 115:17-23; Exhibit 11, p. 3; Exhibit 14, ¶¶5-7.)

5

28. While at the Property up until the time that Mackenzie and Elmore left with the Trike, Officers Gerholdt and/or Cockrell were there to keep the peace. Id.

29. Officer Cockrell was not the primary officer on the call to 1209 Cottagemill Drive and his role was to back up Officer Gerholdt. (Exhibit 2, p. 17:22-23, 29:25-30:6; Exhibit 3, pp. 28:20-21)

30. That same night, Plaintiff contacted the Manchester Police Department to report the Trike as stolen. (Exhibit 11, p. 3; Exhibit 14, ¶¶5-7.)

31. The Manchester Police Department initiated an investigation and provided assistance in locating the Trike after information was provided indicating that Plaintiff purchased the Trike from Rench. (Exhibit 11, at p. 3; Exhibit 14, ¶¶5-7.)

32. The Reference to "Stealing of a Motor Vehicle" as the incident type in the Manchester Police Department Investigative/Offense Report refers to the subsequent investigation of Rench, after Plaintiff reported the Trike stolen on October 23, 2022 and requested Rench be prosecuted for stealing the Trike. (Exhibit 2, 102:25-103:3, 106:15-23; Exhibit 14, ¶¶5-7; Exhibit 11 at pp. 3-4).

33. The Trike has been recovered from Rench and returned to Plaintiff. Exhibit 2, 107:24-110:5; Exhibit 12, 152:20-153:15, 161:7-162:10; Exhibit 11, at pp. 3-4; Exhibit 14, ¶¶5-7).

34. Rench is being prosecuted in the Circuit Court of Gasconade County, State of Missouri (Cause No. 23GA-CR00101-01), for Receiving Stolen Property in connection with the Trike.

35. As of October 22, 2022 and as of the date of his deposition on December 6, 2023, Plaintiff had not registered the Trike with the Missouri Department of Revenue. (Exhibit 12, pp. 48:25-49:1, 148:11 -149:16, 177:25-178:20).

REICHARDT NOCE & YOUNG LLC

By:   /s/Catherine M. Robertson
TIMOTHY J. REICHARDT    #57684MO
tjr@reichardtnoce.com
CATHERINE M. ROBERTSON    #63200MO
cmr@reichardtnoce.com
12444 Powerscourt Drive
Suite 160
St. Louis, MO  63131
314/789-1199
314/754-9795 – Facsimile

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed via CM/ECF e-filing System with a copy of the foregoing being served electronically this 11th day of January 2024 on all counsel of record.

   /s/ Catherine M. Robertson